**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1559
_____

UNITED STATES OF AMERICA,

v.

EMIL FAISON
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cr-00469-001)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2018

_____

Before: AMBRO, RESTREPO, and FUENTES, *Circuit Judges*.

(Filed:  February 1, 2018)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

    Emil Faison appeals as substantively unreasonable the judgment of the United

States District Court for the Eastern District of Pennsylvania sentencing him to 120

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

months' imprisonment, which reflects a downward variance from the bottom of the sentencing range prescribed by the United States Sentencing Guidelines. We will affirm.

**I**

As we write solely for the benefit of the parties, we set out only the facts necessary for the discussion that follows. Faison pled guilty to ten counts of distribution and aiding and abetting distribution of oxycodone, for his participation in a large-scale drug trafficking operation led by Leon Little. Little recruited and paid individuals to become legitimate patients of a Bala Cynwyd, Pennsylvania doctor in order to procure prescriptions of oxycodone and other controlled substances. Little arranged for the transportation of these individuals to the doctor's office and then to multiple local pharmacies. Little then arranged for the resale of the drugs obtained from the filled prescriptions.

Faison participated in the operation as a pseudo-patient for Little and two of Little's co-conspirators. Pharmacy records established that Faison filled nineteen controlled substance prescriptions during ten trips to Philly Pharmacy from November 2011 to June 2012, which included approximately 2,150 tablets of oxycodone.

Faison's guideline range was 188 to 235 months' imprisonment, based on a criminal history category of VI and a total offense level of 31. In determining his sentence, the District Court considered Faison's role in Little's operation as well as his criminal history, which included two prior convictions for drug offenses. The court also considered mitigating factors, which included Faison's significant substance abuse history and a personal background that rendered him vulnerable to exploitation by an

2

individual like Little. The District Court then applied a five-level downward variance and imposed a below-guidelines sentence of 120 months. Faison appeals on the ground that his sentence is substantively unreasonable in light of the shorter sentences imposed on other defendants charged in the Little operation.

## II[1]

We review the substantive unreasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). As the party challenging the sentence, Faison bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Review for substantive reasonableness requires a "totality of the circumstances" approach, pursuant to which we accord significant deference to a district court's "determination that the § 3553(a) factors, on a whole, justify the sentence." *Id*. at 567–68 (internal quotation marks omitted). Accordingly, "we will affirm [a sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id*. at 568.

Although 18 U.S.C. § 3553(a)(6) directs the Sentencing Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the courts have recognized that cooperation is a circumstance that justifies a disparate sentence. *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006). The defendant bears the burden of establishing that he

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

is similarly situated to other defendants "in terms of the extent of the crime, charges, prior history, and jurisdiction." *United States v. Robinson*, 603 F.3d 230, 234–35 (3d Cir. 2010).

Here, Faison is unable to establish that he is similarly situated to defendants in related cases who received lighter sentences. Unlike the individuals he identifies in his brief who cooperated, Faison did not substantially assist the Government in the investigation or prosecution of others. Accordingly, Faison was not similarly situated to the cooperating individuals that he identifies, nor does his sentence warrant the same reduction that those individuals received.

The District Court engaged in a careful and thoughtful analysis of the § 3553(a) factors and properly concluded that while Faison's prior drug offenses coupled with his participation in the present offense demonstrated a troubling escalation in criminal activity, they did not warrant a sentence within the guideline range. The District Court then granted Faison a 68-month downward variance. Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Faison] for the reasons the [D]istrict [C]ourt provided," *Tomko*, 562 F.3d at 568, we conclude that the sentence was substantively reasonable.

## III

For the foregoing reasons, we affirm the sentence imposed by the District Court.